UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Unknown Entity Holdings, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Tribeca Capital Group, LLC,<br><br>　　　　Defendant. | Civ. Action No. 3:23-cv-00189<br><br>Jury trial demanded |

**COMPLAINT AND JURY DEMAND**

Plaintiff Unknown Entity Holdings, LLC ("Unknown Entity Holdings" or "Plaintiff"), by and through its attorneys, for its Complaint against Defendant Tribeca Capital Group, LLC ("Tribeca" or "Defendant"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

**JURISDICTION AND VENUE**

1.　This court has jurisdiction over copyright infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.　This Court has personal jurisdiction over Defendant because Defendant has a principal place of business in Texas, and because Defendant purposely availed itself of the privilege of conducting business in Texas. On information and belief, Defendant operates the website tribecalawsuitloans.com (the "Tribeca Website"). Defendant attempts to establish a presence in Texas through the Tribeca Website by directing its advertising at Texas consumers. For example, the Tribeca Website has an article titled, "Where Can You Get Low-Interest Lawsuit Loans in Texas"[1] featured on its website that advertises its services directly to Texas consumers.

---

[1] A website capture showing the article is attached as Exhibit 1

1

The Tribeca Website has an interactive application feature, and directs users, including Texas residents, to contact Defendant via mail, phone, or email. On information and belief, Defendant conducts its legal funding business in the state of Texas and with Texas consumers. Furthermore, as alleged herein, Defendant has committed a tort in whole or in part in Texas, subjecting it to jurisdiction here under Tex. Civ. Prac. & Rem. Code § 17.042.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because Defendant resides in this district, 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district, or 28 U.S.C. § 1391(b)(3), because Defendant is subject to personal jurisdiction in this district.

## PARTIES

4. Plaintiff Unknown Entity Holdings, LLC is a Delaware limited liability company with a principal place of business at 5717 Legacy Drive, Suite 250, Plano, Texas 75024.

5. On information and belief, Defendant is a California limited liability company with a principal place of business at 325 N. Paul St., Suite 3100, Dallas, Texas 75201.

## FACTS

A. <u>The Medicaid Work.</u>

6. Third-party Express Legal Funding LLC ("<u>Express</u>") created the work "FAQ: Do Personal Injury Settlements Affect Medicaid" (the "<u>Medicaid Work</u>") on or around June 30, 2022. As a result, Express owned any and all copyright rights in the Medicaid Work.

7. On June 30, 2022, the Medicaid Work was first made available on Express's website, expresslegalfunding.com.

8. Express filed an application for copyright registration for the Medicaid Work. The U.S. Copyright Office granted registration of the Medicaid Work as Registration Number TXu002333698.[2] The registration date for the Medicaid Work is August 16, 2022.

9. On September 30, 2022, Express assigned the Medicaid Work, along with Express's website, to Unknown Entity Holdings.

10. The Medicaid Work is wholly original, and Unknown Entity Holdings is the owner of the Medicaid Work, and the owner of valid and subsisting United States Copyright Registration No. TXu002333698.

B. <u>The Settlement Check Work.</u>

11. Unknown Entity Holdings created the work, "How Long Can a Lawyer Hold Your Settlement Check in Escrow?" (the "<u>Settlement Check Work</u>") on or around November 27, 2022. As a result, Unknown Entity Holdings owned any and all copyright rights in the Settlement Check Work.

12. On November 27, 2022, the Settlement Check Work was first made available on Unknown Entity Holdings's website, expresslegalfunding.com.

13. Unknown Entity Holdings filed an application for copyright registration for the Settlement Check Work. The U.S. Copyright Office granted registration of the Settlement Check Work as Registration Number TXu002348016.[3] The registration date for the Settlement Check Work is November 29, 2022.

---

[2] A true and correct copy of the registration certificate for Registration No. TXu002333698 is attached as Exhibit 2.
[3] A true and correct copy of the registration certificate for Registration No. TXu002348016 is attached as Exhibit 3.

14. The Settlement Check Work is wholly original, and Unknown Entity Holdings is the owner of the Settlement Check Work, and the owner of a valid and subsisting United States Copyright Registration No. TXu002348016.

C. The Child Support Work

15. Express created the work "Can Child Support Be Taken From a Personal Injury Settlement?" (the "Child Support Work") on or around March 2, 2022.

16. On March 2, 2022, the Child Support Work was first made available on Express's website expresslegalfunding.com.

17. On September 30, 2022, Express assigned the Child Support Work, along with Express's website, to Unknown Entity Holdings.

18. Unknown Entity Holdings filed an application for copyright registration for the Child Support Work. The U.S. Copyright Office granted registration of the Child Support Work as Registration Number TXu002351476.[4] The registration date for the Child Support Work is January 16, 2023.

19. The Child Support Work is wholly original, and Unknown Entity Holdings is the owner of the Child Support Work, and the owner of a valid and subsisting United States Copyright Registration No. TXu002351476.

D. The Car Accident Loans Work

20. Express created the work "Car Accident Loans or Accident Lawsuit Funding" (the "Car Accident Loans Work" and, together with the Medicaid Work, the Settlement Check Work, and the Child Support Work, the "Copyrighted Works") on or around January 29, 2022.

---

[4] A true and correct copy of the registration certificate for Registration No. TXu002351476 is attached as Exhibit 4.

21. On January 29, 2022, the Car Accident Loans Work was first made available on Express's website expresslegalfunding.com.

22. Express filed an application for copyright registration for the Car Accident Loans Work. The U.S. Copyright Office granted registration of the Car Accident Loans Work as Registration Number TXu002347620.[5] The registration date for the Car Accident Loans Work is September 15, 2022.

23. On September 30, 2022, Express assigned the Car Accident Loans Work, along with Express's website, to Unknown Entity Holdings.

24. The Car Accident Loans Work is wholly original, and Unknown Entity Holdings is the owner of the Car Accident Loans Work, and the owner of a valid and subsisting United States Copyright Registration No. TXu002347620.

E.   Defendant's Conduct – The Medicaid Infringing Work

25. On information and belief, Defendant is engaged in the legal funding business in Texas and in other States. Defendant posts articles related to legal funding on the Tribeca Website.

26. On the Tribeca Website, Defendant has published, printed, and publicly displayed, or caused to be published, printed, and publicly displayed, an article titled "Do I Have To Report My Settlement To Medicaid?" (the "Medicaid Infringing Work")[6], which is substantially similar to and a derivative work based on the Medicaid Work. On information and belief, the Medicaid Infringing Work was first made available to the public on October 10, 2022 via the Tribeca Website, and the Medicaid Infringing Work has been continuously available to the public since that time.

---

[5] A true and correct copy of the registration certificate for Registration No. TXu002347620 is attached as Exhibit 5.
[6] A copy of the Medicaid Infringing Work is attached as Exhibit 6.

27. On information and belief, Defendant obtained physical possession of or otherwise viewed the Medicaid Work, and intentionally copied and made a derivative work of the Medicaid Work to create the Medicaid Infringing Work. That Defendant copied the Medicaid Work when it created the Medicaid Infringing Work is evidenced by the striking similarities between the Medicaid Work and the Medicaid Infringing Work, which cannot be explained other than as a result of copying and Defendant's access to the Medicaid Work as a result of the Medicaid Work being available on Plaintiff's website, expresslegalfunding.com, before Defendant created the Medicaid Infringing Work.

28. Defendant copied the Medicaid Work without Plaintiff's authorization, consent, or knowledge, and without any renumeration to Plaintiff.

29. As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, and public display of the Medicaid Infringing Work. Defendant has never accounted to or otherwise paid Plaintiff for its use of the Medicaid Work.

30. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediately irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

F.   Defendant's Conduct – The Settlement Check Infringing Work

31. On information and belief, Defendant is engaged in the legal funding business in Texas and in other States. Defendant posts articles related to legal funding on the Tribeca Website.

32. On the Tribeca Website, Defendant has published, printed, and publicly displayed, or caused to be published, printed, and publicly displayed, an article titled "How Long Does A Settlement Check Take To Clear?" (the "Settlement Check Infringing Work")[7], which is

---

[7] A copy of the Settlement Check Infringing Work is attached as Exhibit 7.

substantially similar to and a derivative work based on the Settlement Check Work. On information and belief, the Settlement Check Infringing Work was first made available to the public on November 29, 2022 via the Tribeca Website, and the Settlement Check Infringing Work has been continuously available to the public since that time.

33. On information and belief, Defendant obtained physical possession of or otherwise viewed the Settlement Check Work, and intentionally copied and made a derivative work of the Settlement Check Work to create the Settlement Check Infringing Work. That Defendant Copied the Settlement Check Work when it created the Settlement Check Infringing Work is evidenced by the striking similarities between the Settlement Check Work and the Settlement Check Infringing Work, which cannot possibly be explained other than as a result of copying and Defendant's access to the Settlement Check Work as a result of the Settlement Check Work being available on Plaintiff's website, expresslegalfunding.com, before Defendant created the Settlement Check Infringing Work.

34. Defendant copied the Settlement Check Work without Plaintiff's authorization, consent, or knowledge, and without any renumeration to Plaintiff.

35. As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, and public display of the Settlement Check Infringing Work. Defendant has never accounted to or otherwise paid Plaintiff for its use of the Settlement Check Work.

36. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediately irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

G.     Defendant's Conduct – The Child Support Infringing Work

37.     On information and belief, Defendant is engaged in the legal funding business in Texas and in other States. Defendant posts articles related to legal funding on the Tribeca Website.

38.     On the Tribeca Website, Defendant has published, printed, and publicly displayed, or caused to be published, printed, and publicly displayed, an article titled "How Much Can Child Support Take From Settlement" (the "Child Support Infringing Work" and, together with the Medicaid Infringing Work and the Settlement Check Infringing Work, the "Infringing Works")[8], which is substantially similar to and a derivative work based on the Child Support Work. On information and belief, the Child Support Infringing Work was first made available to the public on November 22, 2022 via the Tribeca Website, and the Child Support Infringing Work has been continuously available to the public since that time.

39.     On information and belief, Defendant obtained physical possession of or otherwise viewed the Child Support Work, and intentionally copied and made a derivative work of the Child Support Work to create the Child Support Infringing Work. That Defendant Copied the Child Support Work when it created the Child Support Infringing Work is evidenced by the striking similarities between the Child Support Work and the Child Support Infringing Work, which cannot possibly be explained other than as a result of copying and Defendant's access to the Child Support Work as a result of the Child Support Work being available on Plaintiff's website, expresslegalfunding.com, before Defendant created the Child Support Infringing Work.

40.     Defendant copied the Child Support Work without Plaintiff's authorization, consent, or knowledge, and without any renumeration to Plaintiff.

---

[8] A copy of the Child Support Infringing Work is attached as Exhibit 8.

41. As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, and public display of the Child Support Infringing Work. Defendant has never accounted to or otherwise paid Plaintiff for its use of the Child Support Work.

42. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediately irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

H. <u>Defendant's Conduct – The Car Accident Loans Infringing Work</u>

43. On information and belief, Defendant is engaged in the legal funding business in Texas and in other States. Defendant posts articles related to legal funding on the Tribeca Website.

44. On the Tribeca Website, Defendant has published, printed, and publicly displayed, or caused to be published, printed, and publicly displayed, an article titled "Should Injured Victims Get Car Accident Loans?" (the "Car Accident Loans Infringing Work")[9], which is substantially similar to and a derivative work based on the Car Accident Loans Work. On information and belief, the Car Accident Loans Infringing Work was first made available to the public on October 12, 2022 via the Tribeca Website, and the Car Accident Loans Infringing Work has been continuously available to the public since that time.

45. On information and belief, Defendant obtained physical possession of or otherwise viewed the Car Accident Loans Work, and intentionally copied and made a derivative work of the Car Accident Loans Work to create the Car Accident Loans Infringing Work. That Defendant copied the Car Accident Loans Work when it created the Car Accident Loans Infringing Work is evidenced by the striking similarities between the Car Accident Loans Work and the Car Accident Loans Infringing Work, which cannot possibly be explained other than as a result of copying and

---

[9] A copy of the Car Accident Loans Infringing Work is attached as Exhibit 9.

9

Defendant's access to the Car Accident Loans Work as a result of the Car Accident Loans Work being available on Plaintiff's website, expresslegalfunding.com, before Defendant created the Car Accident Loans Infringing Work.

46. Defendant copied the Car Accident Loans Work without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

47. As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, and public display of the Car Accident Loans Infringing Work. Defendant has never accounted to or otherwise paid Plaintiff for its use of the Car Accident Loans Work.

48. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediately irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT I
### Federal Copyright Infringement of the Medicaid Work (17 U.S.C. § 501)

49. Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

50. The Medicaid Work is an original literary work containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et seq. Plaintiff is the exclusive owner of rights under copyright law in and to the Medicaid Work. Plaintiff owns a valid copyright registration for the Medicaid Work, attached as Exhibit 2.

51. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, and public display of the Medicaid Infringing Work, which is copied from, derivative of, and substantially similar to the Medicaid Work, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Medicaid Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

52. On information and belief, Defendant's infringing conduct alleged herein was, and continues to be, willful and with full knowledge of Plaintiff's rights in the Medicaid Work, and has enabled Defendant illegally to obtain profit therefrom.

53. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continued to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Medicaid Work. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## COUNT II
### Federal Copyright Infringement of the Settlement Check Work (17 U.S.C. § 501)

54. Plaintiff repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

55. The Settlement Check Work is an original literary work containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et seq. Plaintiff is the exclusive owner of rights under copyright law in and to the Settlement Check Work. Plaintiff owns a valid copyright registration for the Settlement Check Work, attached as Exhibit 3.

56. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, and public display of the Settlement Check Infringing Work, which is copied from, derivative of, and substantially similar to the Settlement Check Work, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Settlement Check Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

57. On information and belief, Defendant's infringing conduct alleged herein was, and continues to be, willful and with full knowledge of Plaintiff's rights in the Settlement Check Work, and has enabled Defendant illegally to obtain profit therefrom.

58. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Settlement Check Work. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## COUNT III
## Federal Copyright Infringement of the Child Support Work (17 U.S.C. § 501)

59. Plaintiff repeats and realleges paragraphs 1 through 58 hereof, as if fully set forth herein.

60. The Child Support Work is an original literary work containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et seq. Plaintiff is the exclusive owner of rights under copyright law in and to the Child Support Work. Plaintiff owns a valid copyright registration for the Child Support Work, attached as Exhibit 4.

61. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, and public display of the Child Support Infringing Work, which is copied from, derivative of, and substantially similar to the Child Support Work, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Child Support Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

62. On information and belief, Defendant's infringing conduct alleged herein was, and continues to be, willful and with full knowledge of Plaintiff's rights in the Child Support Work, and has enabled Defendant to obtain profit therefrom.

63. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Child Support Work. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## COUNT IV
### Federal Copyright Infringement of the Car Accident Loans Work (17 U.S.C. § 501)

64. Plaintiff repeats and realleges paragraphs 1 through 63 hereof, as if fully set forth herein.

65. The Car Accident Loans Work is an original literary work containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et seq. Plaintiff is the exclusive owner of rights under copyright law in and to the Car Accident Loans Work. Plaintiff owns a valid copyright registration for the Car Accident Loans Work, attached as Exhibit 5.

66. Throughout Defendant's conduct alleged herein, including Defendant's reproduction, distribution, and public display of the Car Accident Loans Infringing Work, which is copied from, derivative of, and substantially similar to the Car Accident Loans Work, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Car Accident Loans Work in violation of Section 501 of the Copyrights Act, 17 U.S.C. § 501.

67. On information and belief, Defendant's infringing conduct alleged herein was, and continues to be, willful and with full knowledge of Plaintiff's rights in the Car Accident Loans Work, and has enabled Defendant illegally to obtain profit therefrom.

68. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Car Accident Loans Work. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment in favor of Plaintiff against Defendant on all counts, and grant an injunction, permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal services or otherwise, from:

(a) distributing, advertising, or displaying, or authorizing any third party to distribute, advertise or display, the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works;

(b) reproducing, distributing, or publicly displaying the Copyrighted Works, creating any derivative works based on the Copyrighted Works, or engaging in any activity that infringes Plaintiff's rights in its Copyrighted Works; and

(c) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b); and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Unknown Entity Holdings, LLC respectfully demands a trial by jury as to all counts so triable.

Date: January 25, 2023

Respectfully submitted,

THOMPSON COBURN LLP

*/s/ Nicole L. Williams*
Nicole L. Williams (TX # 24041784)
Jasmine S. Wynton (TX # 24090481)
Thompson Coburn LLP
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
(972) 629-7100 (telephone)
(972) 629-7171 (fax)
nwilliams@thompsoncoburn.com
jwynton@thompsoncoburn.com

Matthew A. Braunel (MO # 50711) (pro hac vice forthcoming)
Brendan M. Bement (MO # 72703) (pro hac vice forthcoming)
mbraunel@thompsoncoburn.com
bbement@thompsoncoburn.com

*Attorneys for Plaintiff*